UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY MAKAS,

                                                Plaintiff,

                                                v.                                        1:05-CV-1564 (GLS)(RFT)

ULSTER COUNTY; ULSTER COUNTY DISTRICT
ATTORNEYS OFFICE; DONALD WILLIAMS; STATE
OF NEW YORK; RICHARD GERENTINE;
DENNIS SCHLENKER,

                                              Defendants.
_____

APPEARANCES:

TIMOTHY MAKAS
Plaintiff, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

## DECISION and ORDER

**I.    Introduction**

*Pro se* plaintiff Timothy Makas has filed a complaint alleging the violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff, who is presently confined at the Mid-Hudson Forensic Psychiatric Center, has paid the filing fee for this action and has also submitted an *in forma pauperis* application and inmate authorization form.

In his complaint, Makas states that he entered into an "insanity plea agreement" in Ulster County Court in December, 2000. Dkt. No. 1 at 5. According to plaintiff, he subsequently became aware of various consequences attached to that plea which he claims were not disclosed to him at the time of the agreement, and to which he does not consent. Specifically, plaintiff states that he was not informed that he was pleading guilty to "crimes" rather than to "acts," that he must pay $500 per day during his confinement, or that Ulster County officials may be involved in future hearings relating to

his continued confinement.  *Id.* at 5-7.  In addition to monetary damages, plaintiff seeks to have the plea agreement annulled.  *Id.* at 17.  For a complete statement of plaintiff's claims, reference is made to the complaint.

## II.     Discussion

Plaintiff seeks to maintain this action pursuant to 42 U.S.C. § 1983.  Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by persons acting under color of state law.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the Court to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that plaintiff has paid statutory filing fee); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (district court has power to dismiss a complaint *sua sponte* if the complaint

2

is frivolous).

In June, 2002, Makas filed a petition for habeas corpus relief in the Northern District of New York challenging his confinement pursuant to what appears to be the same Ulster County plea agreement complained of in this action. *Makas v. Bennett*, 9:02-CV-0836 (LEK/DRH). The habeas proceeding is pending. In addition, in December, 2004, Makas filed a civil rights complaint asserting claims which appear to be virtually identical to those asserted in this action. *See Makas v. Nneji*, 1:04-CV-1509 (LEK/DRH). That action was dismissed by Decision and Order of District Judge Lawrence E. Kahn due to plaintiff's failure to state a claim against the two named defendants upon which relief could be granted.[1]

Although the defendants named in this action are not the same as in *Makas v. Nneji, supra*, the Court finds that this complaint is also legally insufficient and must be dismissed.

Plaintiff's claims are predicated upon and arise of out of the Ulster County plea agreement, the validity of which is not properly before this Court in an action brought under 42 U.S.C. § 1983. In addition, any claims plaintiff might have appear to be time-barred. The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). A § 1983 cause of action accrues "when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Covington v. City of New York*, 916 F.Supp. 282, 285 (S.D.N.Y. 1996) (citing *Woods v. Candela*, 13 F.3d

---

[1] Named as defendants were Emmanuel Nneji, Assistant Ulster County District Attorney, and New York Governor George Pataki.

3

574, 575 (2d Cir. 1994)). "Thus, in determining when the statute begins to run, the "'proper focus is on the time of the [wrongful] act, not the point at which the consequences of the act become painful.'" *Covington*, 916 F.Supp. at 285 (citations omitted).

It clearly appears that plaintiff's claims with respect to the December, 2000 Ulster County plea agreement accrued well before the start of the three year limitations period for claims which properly may be asserted in this action, *i.e.*, December 1, 2002.[2]

The Court also finds that several of the defendants are absolutely immune from liability on plaintiff's claims. The complaint names Ulster County District Attorney Donald Williams and the Office of the Ulster County District Attorney as defendants. Plaintiff appears to claim that these defendants failed to properly inform plaintiff of the consequences of his plea agreement. However, "[p]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (internal quotations and citations omitted); *see Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence). This immunity also applies to individual district attorneys for claims arising out of acts "within the scope of their duties in initiating and pursuing criminal prosecution." *Id.* (internal quotations and citations omitted).

---

[2] Plaintiff signed his complaint on December 1, 2005 and the complaint is therefore deemed to have been filed on that date for purposes of determining the applicable limitations period.

Accordingly, the Court finds that defendants Donald Williams and the Office of the Ulster County District Attorney are absolutely immune from plaintiff's claims and dismisses them as defendants in this action, with prejudice.

It is also clear that plaintiff's damage claims against New York State are barred by the Eleventh Amendment to the United States Constitution. *See* U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988); *Amankwaah v. Cayuga County*, 1992 WL 296459 at *2-3 (N.D.N.Y. Oct. 16, 1995) (McCurn, C.J.).

With respect to defendant Schlenker, plaintiff states only that he is "self-employed." Dkt. No. 1 at 4.5. Plaintiff alleges that Schlenker participated in the plea agreement, presumably as plaintiff's attorney. Plaintiff does not allege any nexus between the State of New York and defendant Schlenker. Parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See, e.g.*, *Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994). The mere fact that this defendant might have represented plaintiff at the court proceeding does not make him a state actor. *Rodriguez v. Weprin*, 116 F. 3d 62, 65-66 (2d Cir. 1997) (court-appointed defense attorneys do not act under color of state law). Moreover, vague and conclusory allegation of conspiracy with state actors is not sufficient to state a claim against a private actor. *See Brown v. City of Oneonta*, 106 F.3d 1125, 1133 (2d Cir.1997).

Based upon the foregoing, the Court finds that the complaint, as drafted, fails to state a claim against defendant Schlenker upon which relief may be granted and he is hereby dismissed as a defendant in this action, without prejudice.

Turning to defendant Gerentine, plaintiff identifies this defendant as an employee of Ulster County and states that he is the "Ulster County Chairman." Dkt. No. 1 at 9. It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991)). A supervisory official is said to have been personally involved if that official directly participated in the infraction, or if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). Personal involvement of a supervisory official is said to exist if he or she created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue, or if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id.*

Plaintiff does not appear to claim that Gerentine was personally involved in the plea agreement, but rather alleges that this defendant failed to properly train and supervise County employees so as to prevent the violation of plaintiff's constitutional rights. Dkt. No. 1 at 10. These allegations are not sufficient to state a claim against defendant Gerentine, and this defendants is hereby dismissed, without prejudice.

### III.  Conclusion

Since plaintiff's complaint does not state a claim upon which relief can be granted, it is hereby dismissed. 28 U.S.C. § 1915(e). Should plaintiff claim that his action should not be dismissed, he is directed to file an amended complaint **within thirty (30) days** of the filing date of this Order. Such amended complaint must allege

claims of misconduct or wrongdoing against one or more defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction.  Plaintiff shall not name Donald Williams and the Office of the Ulster County District Attorney as defendants in any amended complaint filed pursuant to this Order.

WHEREFORE, it is hereby

ORDERED, that leave to commence this action *in forma pauperis* is granted,[3] and it is further

ORDERED, that Donald Williams and the Office of the Ulster County District Attorney are dismissed as defendants in this action, with prejudice, and it is further

ORDERED, that should plaintiff claim that this action should not be dismissed, he is directed to file an amended complaint **within thirty (30) days** of the filing date of this Order.  Such amended complaint must allege claims of misconduct or wrongdoing against one or more defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: February 13, 2006
       Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

[3] Plaintiff should note that although his *in forma pauperis* application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.