UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TIMOTHY MAKAS,

Plaintiff,

-v.- 1:05-CV-1564 (GLS)(RFT)

ULSTER COUNTY; STATE OF NEW YORK,

Defendants.

---

APPEARANCES:

TIMOTHY MAKAS
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

**DECISION and ORDER**

## I. Introduction

Presently before the Court is an amended complaint filed by plaintiff Timothy Makas. Dkt. No. 9. This amended complaint was submitted by Makas in compliance with the Decision and Order issued by this Court on February 13, 2006 ("February Order").[1] Dkt. No. 5. Also before the Court is Makas' Motion to Expedite Service. Dkt. No. 18.

---

[1] Makas filed an interlocutory appeal with the United States Court of Appeals for the Second Circuit challenging the February Order. Dkt. No. 10. Makas subsequently filed a motion to withdraw the appeal which was granted by the Second Circuit. Dkt. No. 16.

In the February Order, the Court advised Makas that the validity of his plea agreement was not properly before this Court in an action brought under 42 U.S.C. § 1983. Dkt. No. 5. at 3. Makas was also informed that his claims appeared to be barred by the three year statute of limitations for § 1983 actions arising in New York. *Id.* Makas was advised that damage claims against the State of New York are barred by the Eleventh Amendment. *Id.* at 5. Several defendants were also dismissed from this action by the February Order. *Id.* at 5-6.

**II. The Amended Complaint**

In his amended complaint, Makas continues to allege that he was not fully informed of the "consequences" of the plea agreement he entered into in December of 2000. Dkt. No. 9 at ¶ 16, 22. Makas also claims that N.Y. Crim. Proc. Law § 220.15 is unconstitutional. *Id.* at 13. In addition to previously named defendants State of New York and Ulster County, Makas names three additional defendants in his amended complaint: the Office of Mental Health ("OMH"); the Secretary of Health, Education, and Welfare ("Secretary"); and the Social Security Administration ("SSA"). Makas alleges that the newly named defendants have been charging him for services provided to him at Mid-Hudson Forensic Psychiatric Center and have wrongfully withheld or

terminated his Social Security ("SSDI") benefits without notice. *Id.* at ¶ 18, 24.

In his amended complaint, Makas names the State of New York as a defendant. It is clear, however, that Makas' claims for monetary relief against the State of New York are barred by the Eleventh Amendment to the United States Constitution. *See* U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988); *Amankwaah v. Cayuga County*, 92-CV-1103, 1992 WL 296459 at *2-3 (N.D.N.Y. Oct. 16, 1995) (McCurn, C.J.). Therefore, Makas' claims for money damages against the State of New York are dismissed.

Makas' claims against defendant Ulster County arise out of the challenged plea agreement. As noted in the February Order, the validity of this plea agreement is not properly before this Court.[2] To the extent that Plaintiff seeks to recover damages arising out of his conviction, his claim is barred because he has failed to show that his conviction has been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994). In *Heck*, the Supreme Court held that a claim for damages relating to a conviction or

[2] The statute of limitations is not a bar to this claim, because "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Since Makas' conviction has not been overturned, the statute of limitations has not yet begun to accrue on this claim.

sentence that has not been invalidated is not cognizable under § 1983. *See id.* at 486-87 (explaining that to recover damages for "an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254"); *see also Channer v. Mitchell*, 43 F.3d 786, 788 (2d Cir. 1994) (affirming a *Heck*-based dismissal of § 1983 claims in which the plaintiff claimed he was unconstitutionally convicted as a result of police officers' perjury and coercion of witnesses because he had failed to establish that his conviction had been reversed); *Cameron v. Fogerty*, 806 F.2d 380, 386-89 (2d Cir. 1986) (dismissing § 1983 suit against police officers for unlawful arrest because conviction gave officers complete defense); *Duamutef v. Morris*, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation and civil rights conspiracy under *Heck* where the plaintiff's underlying conviction was valid).

Makas currently has a petition for habeas corpus pending in this District

challenging the conviction in question. *See Makas v. Bennett*, 02-CV-0836 (N.D.N.Y.). It is clear that Makas' criminal conviction has not been reversed. Accordingly, Ulster County is dismissed as a defendant in this action.[3]

As noted, Makas asserts claims against three additional defendants in his amended complaint. For the reasons set forth below, the Court finds that these claims lack an arguable basis in law and are hereby dismissed.

Makas' claims against OMH, the Secretary, and SSA appear to arise out of the allegedly unconstitutional plea agreement. As such, these claims are not cognizable under § 1983 and must be dismissed.

Plaintiff is further reminded that OMH is an agency of the State, and as such is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution. *See Proctor v. Vadlamudi*, 992 F. Supp. 156 (N.D.N.Y. 1997) (Pooler, J.) Accordingly, OMH is dismissed as a defendant in this action.

Makas also does not state facts sufficient to state a claim for the violation of his constitutional rights by the Secretary and SSA. Therefore, the Secretary and SSA are dismissed as defendants in this action.

Makas alleges in his amended complaint that N.Y. Crim. Pro. Law §

---

[3] Makas' claims against the State of New York concerning the validity of the plea agreement are also barred by the rule of law established by *Heck* and its progeny.

220.15 is unconstitutional in that it is vague and violative of equal protection. Dkt. No. 9 at 13. While Makas does not clearly state which defendant(s) he claims is responsible for this alleged violation, it appears Makas is asserting a claim for declaratory and injunctive relief against the State of New York. *Id.* This claim may be properly asserted before this Court.

**III. Motion to Expedite Service**

Makas has also filed with the Court a Motion to Expedite Service. Dkt. No. 18. Makas notes that his original complaint was filed in December of 2005, he was instructed to amend that complaint in February of 2006, and that his complaint has still not been served. *Id.* at 1-2. He claims that "more massive takings" have occurred which warrant the immediate review and service of his complaint. *Id.* at 3.

The Court has reviewed Makas' amended complaint. Therefore, his Motion to Expedite Service is denied as moot.

WHEREFORE, it is hereby

ORDERED, that the following parties and claims are **DISMISSED** from this action: (1) defendants Ulster County, Office of Mental Health, the Secretary of Health, Education, and Welfare, and the Social Security Administration; and (2) Makas' first, second, fourth, and fifth causes of action,

and it is further

ORDERED, that the Clerk shall issue a summons and forward it, along with copies of the amended complaint, to the United States Marshal for service upon the remaining defendant.[4] The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order, and it is further

ORDERED, that a formal response to plaintiff's complaint be filed by the defendant or its counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process on the defendant, and it is further

ORDERED, that all pleadings, motions and other documents relating to this action shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of same was mailed to all opposing parties or their counsel. Any letter or other document received by the Clerk or the**

[4] Makas was granted leave to proceed with this action *in forma pauperis*. Dkt. No. 5.

**Court which does not include a certificate of service which clearly states that aidentical copy of same was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk, to the party that sent same.** Makas shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. Motions must comply with Local Rule 7.1 of the Northern District of New York and are to be made returnable before the assigned Magistrate Judge on any business day with proper allowance for notice as required by the Rules. **Makas is also required to promptly notify the Clerk's Office of any change in his address; his failure to keep such office apprised of his current address will result in the dismissal of the instant action.** All motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.

ORDERED, that Makas' Motion to Expedite Service (Dkt. No. 18) is **DENIED** as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on Makas by regular mail.

IT IS SO ORDERED.
December 4, 2006

Albany, New York

Gary L. Sharpe
United States District Court Judge