**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TIMOTHY MAKAS,**

                **Plaintiff,**       **1:05-CV-1564**
                                                 **(GLS/RFT)**

       **v.**

**STATE OF NEW YORK,**

                **Defendant.**[1]
_____

**APPEARANCES:**            **OF COUNSEL:**

**FOR THE PLAINTIFF:**

TIMOTHY MAKAS
Plaintiff, *Pro Se*
C10116
Mid-Hudson Forensic Psychiatric Center
Box 158, Ward 45
New Hampton, New York 10958-0158

**FOR THE DEFENDANT:**

HON. ANDREW M. CUOMO            JAIME IRENE ROTH
New York Attorney General            Assistant Attorney General
The Capitol
Albany, New York 12224

---

[1] Defendants, Ulster County, the Ulster County District Attorney's Office, Donald Williams, Richard Gerentine, Dennis Schlenker, the Office of Mental Health, the Secretary of Health, Education and Welfare, and the Social Security Administration, have all been terminated from this action by previous orders. *See* Dkt. Nos. 5, 19.

**Gary L. Sharpe**
**U.S. District Judge**

# ORDER

Plaintiff *pro se* Makas brings this action pursuant to 42 U.S.C. § 1983 challenging the constitutionality of New York Criminal Procedure Law § 220.15 (CPL).  *See* N.Y. CRIM. PROC. § 220.15; *see Dkt. No. 9.*  Sole remaining defendant, New York State, has filed a motion to dismiss.  *See Dkt. No. 22.*  For the reasons that follow, defendant's motion is granted, and Makas' complaint is dismissed in its entirety.[2]

Makas alleges that CPL § 220.15 is unconstitutional because it is vague and violative of equal protection.  As such, Makas asserts a claim for declaratory and injunctive relief against the State.  In sum, Makas' remaining claim is barred by sovereign immunity.  As a general rule, claims for monetary relief against a state are barred by the Eleventh Amendment.  *See* U.S. CONST. Amend. XI.  However:

> a limited exception to the general principal of sovereign immunity...allows suit for injunctive relief challenging the constitutionality of a state official's actions in enforcing state law

---

[2] The court previously issued two compliance orders outlining the deficiencies in the complaint, *see Dkt. Nos. 5, 19,* and Makas was given the opportunity to amend.  *See Dkt. No. 9.*  At this juncture, the majority of the complaint has been dismissed.  *See Dkt. No. 19.*  However, Makas has one remaining claim against the State for equitable relief.  *See Dkt. No. 9.*

> under the theory that such a suit is not one against the State, and therefore not barred by the Eleventh Amendment.

*Ford v. Reynolds*, 316 F.3d 351, 354-55 (2d Cir. 2003) (this exception is commonly referred to as the *Ex Parte Young* doctrine); *see also Ex Parte Young*, 209 U.S. 123 (1908). To determine whether this exception applies, "the court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *see also Mountain Cable Co. v. Pub. Serv. Bd. Of Vt.*, 242 F. Supp. 2d 400, 404 (D. Vt. 2003) (a federal court may order state officials to conform their future conduct to federal law).

Here, Makas' complaint does not state a valid claim for prospective injunctive relief according to the *Ex Parte Young* doctrine. Instead, his amended complaint simply asks the court to declare CPL § 220.15 unconstitutional, in addition to other conclusory demands. Specifically, Makas does not identify an ongoing violation of federal law which would be remedied by the court's issuance of an injunction. Therefore, the court lacks jurisdiction since Makas' remaining claim does not meet the exception and is barred by the Eleventh Amendment. Accordingly,

defendant's motion to dismiss is granted, and Makas' complaint is dismissed in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that defendant's motion to dismiss (*Dkt. No. 22*) is **GRANTED**; and it is further

**ORDERED**, that the amended complaint is **DISMISSED IN ITS ENTIRETY** (*Dkt. No. 9)*, and it is further

**ORDERED**, that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

August 22, 2007
Albany, New York

*[signature]*
Gary L. Sharpe
U.S. District Judge

4